Jason M. Drangel (JMD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AES 7715)
asands@ipcounselors.com
Jennette Wiser (JW0386)
jwiser@ipcounselors.com
Spencer Wolgang (SW 2389)
swolgang@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:      (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*Ontel Products Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONTEL PRODUCTS CORPORATION<br>*Plaintiff*<br><br>v.<br><br>AUTO MALL; BABYWONDERLAND; BEAUTIFY LIVING STORE; BEST FUN; BESTAR INTERNATIONAL INDUSTRIAL LIMITED D/B/A SHIXN2008; CN BABY STORE; EINS STORE; GL LIGHTING ELECTRONICE., LTD D/B/A CHINASEEDS; GUANGHUIYIFANG; HAPPYBABY TOY STORE; HEFEI OWNSWING TRADING CO., LIMITED; HONGKONG EGOMALL TECHNOLOGY CO., LIMITED D/B/A WORLD_MALL; HONGKONG PLAYER TRADING, CO, LTD. D/B/A PLAYER; HUANGLINA030; INTERHOME; JUSEN TOY STORE; MICHAEL_9494; NIKE_ONE / HANDSPINNER FIDGET; NINGBO CANGYOU ELECTRIC APPLIANCE CO., LTD.; NINGBO FINE SOURCE IMP & EXP CO., LTD. A/K/A NINGBO FINE SOURCE CO., LTD.; NINGBO HOLLY INTELLIGENT TECHNOLOGY CO., LTD.; | CIVIL ACTION No. ___<br><br><br><br>**COMPLAINT**<br><br>**Jury Trial Requested**<br><br>**FILED UNDER SEAL** |

PHPKIM88; SHAOWU ZHONGLI
ELECTRONIC CO., LTD. A/K/A SHAOWU
ZHONGLI ELECTRONICS CO., LTD.;
SHENZHEN C-MYWAY ELECTRONICS
CO., LTD; SHENZHEN JETCHENG HANG
TECHNOLOGY CO., LTD.; SHIAOCHEN;
SHOP2840069 STORE; SICHUAN
ZHIWANG TRADING CO. LTD D/B/A
WEAVING_WEB; SICHUAN ZHIWANG
TRADING CO.LTD. D/B/A
ZONAL_WORLD; STARS WORLD STORE;
SUHAIBO STORE; THE_HUNTER;
TIESTO_LIFE; XIAMEN YANNUO TRADE
CO., LTD.; YETI A/K/A
GOOD_COSMETICS; YIWU CHANLIAN
GARMENT CO., LTD.; YIWU FANHUA
COMMODITY FIRM; YIWU JIEYUHUA E-
COMMERCE FIRM; YIWU NEWBIE
HOUSEHOLD ARTICLES CO., LTD.;
YONGKANG NANCY CO. LTD. D/B/A
NANCY1991; and ZW_TOYS
*Defendants*

Ontel Products Corporation ("Ontel" or "Plaintiff"), a New Jersey corporation, by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1.　　This action involves claims for trademark infringement of Plaintiff's federally registered trademark in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 et seq.; counterfeiting of Plaintiff's federally registered trademark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c); false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of Plaintiff's federally registered copyright in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.; and related state and common law claims (the "Action"), arising from Defendant Auto Mall's; Defendant Babywonderland's; Defendant beautify living

Store's; Defendant Best fun's; Defendant Bestar International Industrial Limited d/b/a Shixn2008's; Defendant CN Baby Store's; Defendant Eins Store's; Defendant GL Lighting Electronice., LTD d/b/a Chinaseeds'; Defendant GuangHuiYiFang's; Defendant HappyBaby Toy Store's; Defendant Hefei Ownswing Trading Co., Limited's; Defendant HongKong Egomall Technology Co., Limited d/b/a World_mall's; Defendant Hongkong Player Trading, Co, Ltd. d/b/a Player's; Defendant Huanglina030's; Defendant Interhome's; Defendant jusen toy Store's; Defendant Michael_94941's; Defendant Nike_one / Handspinner Fidget's; Defendant Ningbo Cangyou Electric Appliance Co., Ltd.'s; Defendant Ningbo Fine Source Imp & Exp Co., Ltd. a/k/a Ningbo Fine Source Co., Ltd.'s; Defendant Ningbo Holly Intelligent Technology Co., Ltd.'s; Defendant Phpkim88's; Defendant Shaowu Zhongli Electronic Co., Ltd. a/k/a ShaoWu ZhongLi Electronics Co., Ltd.'s; Defendant Shenzhen C-Myway Electronics Co., Ltd.'s; Defendant Shenzhen Jetcheng Hang Technology Co., Ltd.'s; Defendant Shiaochen's; Defendant Shop2840069 Store's; Defendant Sichuan Zhiwang Trading Co. Ltd d/b/a weaving_web's; Defendant Sichuan Zhiwang Trading Co.Ltd. d/b/a Zonal_world's; Defendant Stars World Store's; Defendant SuHaibo Store's; Defendant The_hunter's; Defendant tiesto_life's; Defendant Xiamen Yannuo Trade Co., Ltd.'s; Defendant Yeti a/k/a Good_cosmetics'; Defendant Yiwu Chanlian Garment Co., Ltd.'s; Defendant Yiwu Fanhua Commodity Firm's; Defendant Yiwu Jieyuhua E-Commerce Firm's; Defendant Yiwu Newbie Household Articles Co., Ltd.'s; Defendant Yongkang Nancy Co. LTD. d/b/a nancy1991's; and Defendant Zw_toys' (collectively, hereinafter referred to as "Defendants") infringement of Plaintiff's Magic Tracks Mark (as defined *infra*) and Magic Tracks Work (as defined *infra*), including without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying offering for sale and/or selling Counterfeit Products (as defined *infra*).

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq. and the Copyright Act, 17 U.S.C. §§ 101 et seq.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

3.      Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and/or in this judicial district, and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, for example:

        a.   Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including New York, by operating fully interactive, online storefronts on Alibaba.com, AliExpress.com or DHgate.com ("Storefront(s)") through which consumers in the United States, including New York, can view Defendants' Storefronts, communicate with Defendants regarding their listings for Infringing

Products (as defined *infra*) and place orders for, receive invoices for and purchase Infringing Products for delivery in the United States, including New York, as a means for establishing regular business with the United States, including New York.

b. Upon Information and belief, Defendants are sophisticated sellers operating commercial businesses through their respective Storefronts, by offering for sale and/or selling Infringing Products in wholesale quantities, and at well below market prices to consumers worldwide, including to consumers in the United States, including in New York.

c. Upon information and belief, a majority of Defendants' Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the United States, which make up significant percentages of Defendants' total revenues (which are estimated, in several cases, to be in the millions of dollars).

d. Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the United States, including to New York and specifically to a New York Address (as defined *infra*).

e. Upon information and belief, Defendants have transacted business with consumers located in the United States, including New York, for the sale and shipment of Infringing Products.

f. Upon information and belief, Defendants are aware of Plaintiff, its Magic Tracks Product, and its Magic Tracks Mark and Magic Tracks Work and that their infringing actions alleged herein are likely to cause injury to Plaintiff in the

United States.

4.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact and/or solicit business in this judicial district.

## THE PARTIES

5.     Ontel is a New Jersey corporation, with a principal place of business at 21 Law Drive, Fairfield, NJ 07004.

6.     Upon information and belief, Defendant Auto Mall is a merchant on AliExpress.com, at https://www.aliexpress.com/store/711141, where it offers for sale and/or sells Infringing Products, with a principal place of business in Yiwu, Zhejiang, China.

7.     Upon information and belief, Defendant Babywonderland is a merchant on DHgate.com, http://www.dhgate.com/store/20507242, where it offers for sale and/or sells Infringing Products, with a principal place of business in China.

8.     Upon information and belief, Defendant beautify living Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2663137, where it offers for sale and/or sells Infringing Products, with a principal place of business in China.

9.     Upon information and belief, Defendant Best fun is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2002049, where it offers for sale and/or sells Infringing Products, with a principal place of business in China.

10.    Upon information and belief, Defendant Bestar International Industrial Limited d/b/a Shixn2008 is a merchant on DHgate.com, at http://www.dhgate.com/store/19910889, where it offers for sale and/or sells Infringing Products, with a principal place of business in China.

6

11.  Upon information and belief, Defendant CN Baby Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2948199, where it offers for sale and/or sells Infringing Products, with a principal place of business in China.

12.  Upon information and belief, Defendant Eins Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2503071, where it offers for sale and/or sells Infringing Products, with a principal place of business in China.

13.  Upon information and belief, Defendant GL Lighting Electronice., LTD d/b/a Chinaseeds is a merchant on DHgate.com, at http://www.dhgate.com/store/20277302, with a principal place of business in China.

14.  Upon information and belief, Defendant GuangHuiYiFang is a merchant on AliExpress.com, at https://www.aliexpress.com/store/1985578, with a principal place of business in China.

15.  Upon information and belief, Defendant HappyBaby Toy Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2940018, with a principal place of business in China.

16.  Upon information and belief, Defendant Hefei Ownswing Trading Co., Limited is a merchant on Alibaba.com, at https://ownswing.en.alibaba.com, with a principal place of business at Room 704 NO.2 JIANYE-SHIGUANGYUANZHU BAXIA ROAD, HEFEI, Anhui, China 230022.

17.  Upon information and belief, Defendant HongKong Egomall Technology Co., Limited d/b/a World_mall is a merchant on DHgate.com, at http://www.dhgate.com/store/19985162, with a principal place of business in China.

18.   Upon information and belief, Defendant Hongkong Player Trading, Co, Ltd. d/b/a Player is a merchant on DHgate.com, at http://www.dhgate.com/store/14498058, with a principal place of business in China.

19.   Upon information and belief, Defendant Huanglina030 is a merchant on DHgate.com, at http://www.dhgate.com/store/19831708, with a principal place of business in China.

20.   Upon information and belief, Defendant Interhome is a merchant on DHgate.com, at http://www.dhgate.com/store/20287713, with a principal place of business in China.

21.   Upon information and belief, Defendant jusen toy Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2924081, with a principal place of business in China.

22.   Upon information and belief, Defendant Michael_94941 is a merchant on DHgate.com, at http://www.dhgate.com/store/20368632, with a principal place of business in China.

23.   Upon information and belief, Defendant Nike_one / Handspinner Fidget is a merchant on DHgate.com, at http://www.dhgate.com/store/20137576, with a principal place of business in Zhejiang, China.

24.   Upon information and belief, Defendant Ningbo Cangyou Electric Appliance Co., Ltd. is a merchant on Alibaba.com, at https://haidongsuzhi3.en.alibaba.com, with a principal place of business at Industrial Zone, Xidian, Ninghai, Ningbo, Zhejiang, China, 315600.

25.   Upon information and belief, Defendant Ningbo Fine Source Imp & Exp Co., Ltd. a/k/a Ningbo Fine Source Co., Ltd. is a merchant on Alibaba.com, at https://nbfengxing.en.alibaba.com, with a principal place of business at RM1706, YAOJIANG

NEW CENTER, NO.165 CHANGYANG EAST ROAD .JIANGBEI, NINGBO, CHINA, 315000.

26. Upon information and belief, Defendant Ningbo Holly Intelligent Technology Co., Ltd. is a merchant on Alibaba.com, at https://balancingscooter.en.alibaba.com, with a principal place of business at 3F.95 Business Mansion, No.586 JIANGNAN Road, Ningbo, China, 315040.

27. Upon information and belief, Defendant Phpkim88 is a merchant on DHgate.com, at http://www.dhgate.com/store/19903709, with a principal place of business in China.

28. Upon information and belief, Defendant Shaowu Zhongli Electronic Co., Ltd. a/k/a ShaoWu ZhongLi Electronics Co., Ltd. is a merchant on Alibaba.com, at https://zltoys.en.alibaba.com, with a principal place of business at XiangLin Economic Development Zone, ShaoWu, FuJian, China, 354000.

29. Upon information and belief, Defendant Shenzhen C-Myway Electronics Co., Ltd. is a merchant on Alibaba.com, at https://tech-forward.en.alibaba.com, with a principal place of business at Saige science park, Shenzhen, Guangdong, China, 518033.

30. Upon information and belief, Defendant Shenzhen Jetcheng Hang Technology Co., Ltd. is a merchant on Alibaba.com, at https://gift-tech.en.alibaba.com, with a principal place of business at Baoan, Shenzhen, Guangdong, China, 518000.

31. Upon information and belief, Defendant Shiaochen is a merchant on DHgate.com, at http://www.dhgate.com/store/20060361, with a principal place of business in Jiangsu, China.

32. Upon information and belief, Defendant Shop2840069 Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2840069, with a principal place of business in China.

33.   Upon information and belief, Defendant Sichuan Zhiwang Trading Co. Ltd d/b/a weaving_web is a merchant on DHgate.com, at http://www.dhgate.com/store/20288239, with a principal place of business in Sichuan, China.

34.   Upon information and belief, Defendant Sichuan Zhiwang Trading Co.Ltd. d/b/a Zonal_world is a merchant on DHgate.com, at http://www.dhgate.com/store/20288073, with a principal place of business in Sichuan, China.

35.   Upon information and belief, Defendant Stars World Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2785151, with a principal place of business in China.

36.   Upon information and belief, Defendant SuHaibo Store is a merchant on AliExpress.com, at https://www.aliexpress.com/store/2923039, with a principal place of business in China.

37.   Upon information and belief, Defendant The_hunter is a merchant on DHgate.com, at http://www.dhgate.com/store/20294815, with a principal place of business in Hubei, China.

38.   Upon information and belief, Defendant tiesto_life is a merchant on DHgate.com, at http://www.dhgate.com/store/20358270, with a principal place of business in Guangdong, China.

39.   Upon information and belief, Defendant Xiamen Yannuo Trade Co., Ltd. is a merchant on Alibaba.com, at https://yannuo.en.alibaba.com, with a principal place of business at No.5f, No.170, Tongan Park, Tongan Industrial Zone, Xiamen, China, 361000.

40.   Upon information and belief, Defendant Yeti a/k/a Good_cosmetics is a merchant on DHgate.com, at http://www.dhgate.com/store/20329478, with a principal place of business in Zhejiang, China.

41.   Upon information and belief, Defendant Yiwu Chanlian Garment Co., Ltd. is a merchant on Alibaba.com, at https://chanliangarments.en.alibaba.com, with a principal place of business at Choujiang, Yiwu, Zhejiang, China, 322000.

42.   Upon information and belief, Defendant Yiwu Fanhua Commodity Firm is a merchant on Alibaba.com, at https://ddytools.en.alibaba.com, with a principal place of business at NO.59, 3rd Xiawang District, Yiwu, Zhejiang, China, 322000.

43.   Upon information and belief, Defendant Yiwu Jieyuhua E-Commerce Firm is a merchant on Alibaba.com, at https://smilingl.en.alibaba.com, with a principal place of business at Danxi 2nd Zone, Beiyuan Subdistrict, Yiwu, Zhejiang, China, 322000.

44.   Upon information and belief, Defendant Yiwu Newbie Household Articles Co., Ltd. is a merchant on Alibaba.com, at https://newbie168.en.alibaba.com, with a principal place of business at Yiwu choujiang Street, Yiwu, Zhejiang, China, 322000.

45.   Upon information and belief, Defendant Yongkang Nancy Co. LTD. d/b/a nancy1991 is a merchant on DHgate.com, at http://www.dhgate.com/store/20443306, with a principal place of business in Zhejiang, China.

46.   Upon information and belief, Defendant Zw_toys is a merchant on DHgate.com, at http://www.dhgate.com/store/20599279, with a principal place of business in Sichuan, China.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known Consumer Products

47.      Plaintiff is a leading developer, producer, marketer, and distributor of quality, innovative consumer products.  Plaintiff promotes and sells its products through national direct response television advertising commonly called "As Seen On TV" ("ASOTV").  Plaintiff also promotes and sells its ASOTV products at the retail level at well-known mass retail outlets, including, without limitation: Wal-Mart, Target Stores, Bed Bath & Beyond, Toys R Us, Rite-Aid, CVS and Walgreens; through catalog companies; online, through its own website and its retail customers' websites; as well as through a network of international distributors, among other channels of trade.

48.      Ontel is among the most well-known, well-respected sources of many of the most popular and successful ASOTV products sold in the United States.

49.      One of its recent successful products is a children's toy vehicle and track set marketed and sold under the distinctive trademark MAGIC TRACKS (the "Magic Tracks Product").

50.      Plaintiff's Magic Tracks Product has achieved great success since its introduction in the summer of 2016.

51.      While Ontel has gained significant common law trademark and other rights in its Magic Tracks Product, through use, advertising and promotion, Ontel has also protected its valuable rights by filing for and obtaining a federal trademark registration.

52.      Ontel is the owner of U.S. Trademark Registration No. 5,143,300 for the wordmark "MAGIC TRACKS" for a wide variety of goods in Class 28 (the "Magic Tracks Mark").  A true and correct copy of the registration certificate for the Magic Tracks Mark is attached hereto as **Exhibit A** and incorporated herein by reference.

53.     The Magic Tracks Mark is currently in use in commerce in connection with the Magic Tracks Product.  The Magic Tracks Mark was first used in commerce on or before July 18, 2016.

54.     In addition, Ontel also owns both registered and unregistered copyrights in and related to the packaging, instructions and other marketing materials for its Magic Tracks Product.

55.     For example, Ontel owns U.S. Copyright Reg. No. VA 2-024-610 covering the Magic Tracks Product packaging artwork (the "Magic Tracks Work").  A true and correct copy of the registration certificate for the Magic Tracks Work is attached hereto as **Exhibit B** and incorporated herein by reference.

56.     In addition to the channels described above, Ontel also markets and sells the Magic Tracks Product through its website entirely dedicated to the Magic Tracks Product, https://www.magictracks.com/ (the "Website").  A printout from the Website and images of the Magic Tracks Product are attached hereto as **Exhibit C** and incorporated herein by reference.

57.     The Magic Tracks Product generally retails for $19.99.

58.     Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in the Magic Tracks Product, Magic Tracks Mark and Magic Tracks Work.

59.     The success of the Magic Tracks Product is due in large part to Plaintiff's marketing, promotional and distribution efforts.  These efforts include advertising and promotion through television, the Website, retailer websites and other internet-based advertising, print, participation in trade shows, among other efforts domestically and abroad.

60.     Plaintiff's success is also due to its use of high quality materials and processes in making the Magic Tracks Product.

61.    In addition, Plaintiff owes a substantial amount of the success of the Magic Tracks Product to its consumers, and word of mouth buzz that its consumers have generated.

62.    Plaintiff's marketing, promotional and distribution efforts, the quality of Plaintiff's Magic Tracks Product, and the word-of-mouth buzz generated by its consumers, have made the Magic Tracks Mark and Magic Tracks Product prominently placed in the minds of the public. Retailers, retail buyers, consumers, and the members of the public have become familiar with the Magic Tracks Product, and associate it exclusively with Ontel.

63.    Plaintiff and its Magic Tracks Mark have acquired a valuable reputation and goodwill among the public as a result of such associations (*i.e.*, acquired distinctiveness or secondary meaning).

64.    Ontel has gone through great lengths to protect its interests to the Magic Tracks Product, Magic Tracks Mark and Magic Tracks Work.

## Alibaba.com, AliExpress.com and DHgate.com Marketplaces and Defendants' Storefronts

1.    Alibaba.com, AliExpress.com and DHgate.com are global online marketplaces, which allow manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide, and specifically to consumers residing in the United States, including New York (collectively, the "Digital Marketplaces").

2.    As the leaders of China's e-commerce and digital retail market, the Digital Marketplaces have generated hundreds of billions in sales worldwide.[1] International markets, including the United States, make up a significant percentage of the Digital Marketplaces' sales. For example, in the last fiscal year, revenue from international retail sales grew by 25% on

---

[1]*See*, Kenneth Rapoza, *Jack Ma's Alibaba Promises Huge Sales Boom, $910 Billion In Merchandise Volume By 2020*, FORBES (Jun. 15, 2016), http://www.forbes.com/sites/kenrapoza/2016/06/15/jack-ma-foretells-huge-sales-boom-for-chinese-e-commerce-giant-alibaba/#78d364486b52.

AliExpress.com to $342 million and 15% on Alibaba.com to $841 million.[2] The press has reported that the growth in sales on AliExpress.com has resulted from an increase in the number of buyers, particularly from the United States, as well as other large countries like Russia and Brazil.[3] Additionally, according to *Business Insider*, excluding China, the U.S. was among the top five countries with packages coming from Alibaba's marketplaces on the company's "Singles' Day" (often compared to the U.S.'s Cyber Monday) in 2015, which resulted in over $14 billion in sales in one day.[4] Further, DHgate.com offers 25 million consumer products from 1.2 million suppliers for sale on their platform and attributes over half of their sales to U.S. buyers alone.[5]

3.      As recently addressed in the *Wall Street Journal*, *Fortune,* and *New York Times*[6] and as reflected in the federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the Digital Marketplaces[7], an astronomical number of counterfeit

---

[2] *See,* Frank Tong, *Alibaba's annual web sales easily surpass U.S. e-retail sales,* DIGITALCOMMERCE360.COM (May 5, 2016), https://www.internetretailer.com/2016/05/05/alibabas-annual-web-sales-easily-surpass-us-e-retail-sales.

[3] *See,* Frank Tong, *An Alibaba site sells $4.5 billion in one year to consumers outside of China,* DIGITALCOMMERCE360.COM (Sept. 11, 2014), https://www.internetretailer.com/2014/09/11/alibaba-site-sells-45-billion-one-year-consumers-outs.

[4] *See,* Bob Bryan, *Alibaba just proved it's more than just some Chinese company*, BUSINESS INSIDER (Nov. 15, 2015), http://www.businessinsider.com/alibaba-international-expansion-2015-11.

[5] *See,* Nona Tepper, *U.S. buyers account for half the sales on Hong Kong-based wholesale site DHgate.com*, DIGITALCOMMERCE360, (Jun. 22, 2015), https://www.internetretailer.com/2015/06/22/us-buyers-account-half-sales-dhgatecom.

[6] *See,* Kathy Chu, *Alibaba Vows Crackdown on Fakes Amid Trade Group Controversy*, WALL STREET JOURNAL (May 13, 2016), http://www.wsj.com/articles/alibaba-vows-crackdown-on-fakes-amid-trade-group-controversy-1463127605?; Scott Cendrowski, *Chinese Regulator Again Calls Out Alibaba for Counterfeit Goods*, FORTUNE (Aug. 10, 2016), http://fortune.com/2016/08/11/alibaba-counterfeit-goods-regulator/; *see also,* Kathy Chu, *Alibaba Suspends From Anticounterfeiting Group,* WALL STREET JOURNAL (May 13, 2016), http://www.wsj.com/articles/alibaba-suspended-from-anticounterfeiting-group-1463170527?tesla=y; *see also* Michael Schuman, *A Small Table Maker Takes On Alibaba's Flood of Fakes,* N.Y. TIMES (Mar. 18, 2017), https://www.nytimes.com/2017/03/18/business/alibaba-fake-merchandise-e-commerce.html.

[7] *See,* Kathy Chu, *Luxury brands get tougher with counterfeiters – and Alibaba,* MARKETWATCH (Aug. 16, 2016), http://www.marketwatch.com/story/luxury-brands-get-tough-with-counterfeiters-2016-08-16-91031611; Gilian Wong, *Alibaba Sued Over Alleged Counterfeits*, WALL STREET JOURNAL (May 17, 2015), http://www.wsj.com/articles/alibaba-sued-over-alleged-counterfeits-1431877734; Scott Cendrowski, *There's no end in sight for Alibaba's counterfeit problem,* FORTUNE (May 18, 2015), http://fortune.com/2015/05/18/theres-no-end-in-sight-for-alibabas-counterfeit-problem/.

and infringing products are offered for sale and sold on the Digital Marketplaces at a rampant rate.

4.      Defendants are individuals and/or businesses, who, upon information and belief, are located in China, but conduct business in the United States and other countries by means of their Storefronts on the Digital Marketplaces.

5.      Through their Storefronts, Defendants offer for sale and/or sell consumer products, including Infringing Products, and target and ship such products to customers located in the United States, including New York, and throughout the world.

## Defendants' Wrongful and Infringing Conduct

6.      In light of Plaintiff's success with its popular ASOTV products, Plaintiff and its Magic Tracks Product have become targets for unscrupulous individuals and entities who wish to take a free ride on the goodwill, reputation and fame Plaintiff has amassed in its Magic Tracks Product, Magic Tracks Mark and the works embodied in Plaintiff's Magic Tracks Work.

7.      Plaintiff investigates and enforces against such activity, and through such efforts, learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling counterfeit Magic Tracks Products bearing the Magic Tracks Mark and Magic Tracks Work, and/or bearing marks and artwork that are confusingly or substantially similar to the Magic Tracks Mark and Magic Tracks Work, and/or are identical or confusingly or substantially similar to the Magic Tracks Product (collectively referred to as, "Infringing Product(s)" or "Counterfeit Product(s)") to U.S. consumers (including those located in the state of New York) through Defendants' Storefronts.  Printouts of listings for Infringing Products

from Defendants' Storefronts are included in **Exhibit D** attached hereto and incorporated herein by reference.

8.      Defendants are not, and have never been authorized by Plaintiff or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale, or sell the Magic Tracks Product or to use Plaintiff's Magic Tracks Mark and Magic Tracks Work, or any confusingly or substantially similar marks or works.

9.      Plaintiff retained New Alchemy Limited ("NAL"), a company that provides trademark infringement research services, to investigate and research manufacturers, wholesalers and/or third-party merchants offering for sale and/or selling Infringing Products on the Digital Marketplaces.

10.     During its investigation, NAL identified Defendants as offering for sale and/or selling Infringing Products and often contacted Defendants through their respective Storefronts expressing interest in placing a bulk order for Infringing Products and inquiring about methods of payment.  NAL also often requested the respective Defendant's e-mail addresses.  Printouts of NAL's conversations with Defendants are included in **Exhibit D** attached hereto and incorporated herein by reference.

11.     NAL verified that each Defendant provides shipping of the Infringing Products to an address in New York (hereinafter, "New York Address") by specifying a New York Address in its communications with Defendant and/or in the checkout pages, order forms or pro forma invoices for the Infringing Products.  Printouts of the communications with Defendants, checkout pages, order forms and/or pro forma invoices for the Infringing Products reflecting that the Defendants' agreed to ship Infringing Products to a New York Address are included in **Exhibit D** attached hereto and incorporated herein by reference.

12.     NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Infringing Products through their respective Storefronts, accepting payment for such Infringing Products in U.S. Dollars and that each Defendant provides shipping and/or has actually shipped Infringing Products to the United States, including to customers located in New York. NAL's findings are supported by Defendants' listings for Infringing Products, its communications with NAL and the checkout pages, order forms and/or pro forma invoices for the Infringing Products included in **Exhibit D** attached hereto and incorporated herein by reference.

13. For example, NAL discovered that Defendant Hefei Ownswing Trading Co., Limited ("Hefei Ownswing") was and/or is offering for sale and/or selling an Infringing Product under the listing title "Colorful Glow Electromotive **Magic Tracks**/Children Toys Track toys car/TV product hot sale car toys" (emphasis added) for  $5.10-7.60 a piece (200 piece minimum) (*i.e.*, roughly a fourth of what Ontel retails its Magic Tracks Product) on its Alibaba.com Storefront, https://ownswing.en.alibaba.com (the "Hefei Ownswing Storefront").  A screenshot depicting Hefei Ownswing's listing for the Infringing Product (the "Hefei Ownswing Infringing Listing") is depicted below:



14.    The Hefei Ownswing Infringing Listing reflects that Hefei Ownswing accepts payment in U.S. Dollars.    Further, as depicted in the screenshot of Hefei Ownswing's "Transaction Details" below, which was taken from the Hefei Ownswing Infringing Listing, Hefei Ownswing has completed at least twelve (12) transactions to buyers located in the United States over the last year:



15.    As another example, NAL found that Defendant Auto Mall ("Auto Mall") was and/or is offering for sale and/or selling an Infringing Product under the listing title "Free shipping 48sets/lot(220pcs tracks) As seen on TV NEW Bend Flex & Glow In The Dark Racetrack toy set **Magic Tracks**" (emphasis added) (the "Auto Mall Infringing Listing") for $576.00 for 48 pieces ($12.00 a piece) (*i.e.*, significantly less than the retail price for Ontel's

Magic       Tracks       Product)       on       its       AliExpress.com       Storefront,

https://www.aliexpress.com/store/711141 (the "Auto Mall Storefront").  A screenshot depicting

the Auto Mall Infringing Listing is depicted below:



16.     The Auto Mall Infringing Listing reflects that Auto Mall offers "Free Shipping to

United States via DHL" and allows sellers to calculate shipping costs to the United States as seen

in the screenshot of the "Shipping Time and Cost" information taken from the Auto Mall

Infringing Listing below:



17.  By way of an additional example, NAL determined that Defendant The_hunter

("The_hunter") was and/or is offering for sale and/or selling an Infringing Product under the

listing title "**Magic Tracks** Bend Flex Racetrack Kids Amazing Race Track Children LED Light Up Car Grows In The Dark Magic Model Cars Gifts F196" (emphasis added) (the "The_hunter Infringing Listing") for $10.37-11.59 a piece (*i.e.*, close to half the market retail price for the Magic Tracks Product) on its DHgate.com Storefront, http://www.dhgate.com/store/20294815 (the "The_hunter Storefront"). A screenshot depicting the The_hunter Infringing Listing is depicted below:



18.     The The_hunter Infringing Listing reflects that The_hunter accepts payment in U.S. Dollars and provides "Free Shipping to United States Via DHL". Further, as depicted in the screenshot of The_hunter's "Transaction History" below, which was taken from the The_hunter Infringing Listing, The_hunter has completed at least two (2) transactions for the Infringing Product, including a transaction to a U.S. buyer for 170 pieces:

**Transaction History**

Transactions: 2

| Buyer | Product Info | Quantity | Order Date |
|---|---|---|---|
| Wah********* | Magic Tracks Bend Flex Racetrack Kids Amazing Race Track Children LED Light Up Car Grows In The Dark Magic Model Cars Gifts F196 | 170 Piece | 2017-02-10 |
| Bel**** | Magic Tracks Bend Flex Racetrack Kids Amazing Race Track Children LED Light Up Car Grows In The Dark Magic Model Cars Gifts F196 | 24 Piece | 2017-01-13 |

Page 1 of 1   [1]

19.     By these dealings in Infringing Products (including, without limitation: copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), Defendants have violated Plaintiff's exclusive rights in its Magic Tracks Mark and/or Magic Tracks Work, and have used images and artwork that are confusingly and/or substantially similar to, identical to, and/or constitute counterfeiting and/or infringement of Plaintiff's Magic Tracks Mark and/or Magic Tracks Work, in order to confuse consumers into believing that such Infringing Products are Plaintiff's Magic Tracks Products and aid in the promotion and sales of their Infringing Products. Defendants' conduct began long after Plaintiff's adoption and use of its Magic Tracks Mark and Magic Tracks Work, after Plaintiff obtained the U.S. registrations for the same, as alleged above and after Plaintiff's Magic Tracks Product and Magic Tracks Mark became well-known to the purchasing public.

20.     Prior to and contemporaneous with their actions alleged herein, Defendants had knowledge of Plaintiff's ownership of its Magic Tracks Mark and/or Magic Tracks Work, and of the fame and incalculable goodwill associated therewith, and of the popularity and success of the Magic Tracks Product, and in bad faith adopted Plaintiff's Magic Tracks Mark and/or Magic Tracks Work.

21.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff, Plaintiff's Magic Tracks Mark, Magic Tracks Work and Magic Tracks Product.

22.     Defendants' dealings in Infringing Products, as alleged herein, has caused, and will continue to cause, confusion, mistake, economic loss and has, and will continue to deceive consumers, the public, and the trade with respect to the source or origin of Defendants' Infringing Products, thereby causing consumers to erroneously believe that such Infringing Products are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

23.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed and counterfeited Plaintiff's Magic Tracks Mark; infringed Plaintiff's Magic Tracks Work; committed unfair competition; and unfairly and unjustly profited from such activities at Plaintiff's expense.

24.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c)))

25.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

26.     Ontel is the exclusive owner of all right and title to the Magic Tracks Mark.

27.     Ontel has continuously used its Magic Tracks Mark in interstate commerce since at least as early as July 18, 2016.

28.     Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in its Magic Tracks Mark and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the Magic Tracks Mark and/or used spurious designations that are identical

with, or substantially indistinguishable, from the Magic Tracks Mark on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

29.    Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiff, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Magic Tracks Mark, through their participation in such activities

30.    Defendants have applied their reproductions, counterfeits, copies, and colorable imitations of Plaintiff's Magic Tracks Mark to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, thereby making substantial profits and gains to which they are not entitled in law or equity.

31.    Defendants' unauthorized use of Plaintiff's Magic Tracks Mark on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff or their authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in Plaintiff's Magic Tracks Mark.

32.    Defendants' actions constitute willful counterfeiting of Plaintiff's Magic Tracks

Mark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

33.     As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, its reputation and its valuable rights in and to Plaintiff's Magic Tracks Mark and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable Magic Tracks Mark.

34.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Infringement of Registered Trademark)
### [115 U.S.C. § 1114/Lanham Act § 32(a)]

35.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

36.     Plaintiff has continuously used its Magic Tracks Mark in interstate commerce since at least as early as July 18, 2016.

37.     Plaintiff, as the owner of all right, title and interest in and to the Magic Tracks Mark, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

38.     Defendants were at the time they engaged in their actions as alleged herein,

actually aware that Plaintiff is the owner of the federal trademark registration for the Magic Tracks Mark.

39.     Defendants did not seek, and failed to obtain consent or authorization from Plaintiff, as the registered trademark owner of the Magic Tracks Mark, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale, and/or sell the Magic Tracks Product and/or related products bearing Plaintiff's Magic Tracks Mark into the stream of commerce.

40.     Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Infringing Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Magic Tracks Mark and/or which are identical or confusingly similar to the Magic Tracks Mark.

41.     Defendants knowingly and intentionally reproduced, copied, and colorably imitated the Magic Tracks Mark and applied such reproductions, copies, or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Defendants' Infringing Products.

42.     Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Plaintiff is the owner of all rights in and to the Magic Tracks Mark.

43.     Defendants' egregious and intentional use of Plaintiff's Magic Tracks Mark in commerce on or in connection with Defendants' Infringing Products has caused, and is likely to

continue to cause actual confusion, to cause mistake, and to deceive the general purchasing public as to the source or origin of the Infringing Products, and is likely to deceive the public into believing that Defendants' Infringing Products are Plaintiff's Magic Tracks Products or are otherwise associated with, or authorized by Plaintiff.

44.    Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the Magic Tracks Mark, as well as with bad faith and the intent to cause confusion, mistake and deception.

45.    Defendants' continued, knowing and intentional use of Plaintiff's Magic Tracks Mark without Plaintiff's consent or authorization, constitutes intentional infringement of Plaintiff's federally registered Magic Tracks Mark in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

46.    As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to Plaintiff's Magic Tracks Mark and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable Magic Tracks Mark.

47.    Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys'

fees and costs.

## THIRD CAUSE OF ACTION
### (False Designation of Origin, Passing Off & Unfair Competition)
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

48.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

49.     Plaintiff, as the owner of all right, title, and interest in and to the Magic Tracks Mark, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

50.     Plaintiff's Magic Tracks Mark is inherently distinctive and/or has acquired distinctiveness.

51.     Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of Plaintiff's Magic Tracks Mark and Magic Tracks Work, and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Infringing Products, with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Infringing Products are Plaintiff's Magic Tracks Products or related products, and/or that Defendants' Infringing Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff, and/or that Defendants are affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of such Infringing Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, Plaintiff's Magic Tracks Mark and Magic

28

Tracks Work, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

52.    By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products, that are identical to, confusingly similar to or which constitute colorable imitations of Plaintiff's Magic Tracks Product using marks and/or artwork that are identical and/or confusingly or substantially similar to, or which constitute colorable imitations of Plaintiff's Magic Tracks Mark and Magic Tracks Work, Defendants have traded off the extensive goodwill of Plaintiff and its Magic Tracks Product and did in fact induce, and intend to, and will continue to induce, customers to purchase Defendants' Infringing Products, thereby directly and unfairly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its Magic Tracks Mark, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

53.    Defendants knew, or by the exercise of reasonable care, should have known, that their adoption and commencement of, and continuing use in commerce of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of Plaintiff's Magic Tracks Mark and Magic Tracks Work would cause confusion, mistake, or deception among purchasers, users and the public.

54.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of Plaintiff, its Magic Tracks Product and its Magic Tracks Mark and Magic Tracks Work.

55.    As a direct and proximate result of Defendants' aforementioned actions,

Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its Magic Tracks Product and by depriving Plaintiff of the value of its Magic Tracks Mark and Magic Tracks Work as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of Plaintiff's Magic Tracks Mark and Magic Tracks Work.

56.    Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

57.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

58.    Plaintiff is the exclusive owner of the Magic Tracks Work.

59.    Defendants had actual notice of Plaintiff's exclusive rights in and to the Magic Tracks Work.

60.    Defendants did not attempt and failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market Plaintiff's Magic Tracks Product and/or Magic Tracks Work.

61.    Without permission, Defendants knowingly and intentionally reproduced, copied

30

and displayed Plaintiff's Magic Tracks Work by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products which bear such Magic Tracks Work, or artwork that is at a minimum, substantially similar to Plaintiff's Magic Tracks Work.

62.   Defendants' unlawful and willful actions as alleged herein, constitute infringement of Plaintiff's Magic Tracks Work, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such Magic Tracks Work in violation of 17 U.S.C. § 501(a).

63.   Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff.

64.   Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### (Violation of Deceptive Acts and Practices Unlawful)
### [N.Y. Gen. Bus. Law § 349]

65.   Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

66.   Through Defendants' unlawful, unauthorized, and unlicensed use of Plaintiff's Magic Tracks Mark and/or Magic Tracks Work on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Infringing Products which are identical and/or

confusingly or substantially similar to Plaintiff's Magic Tracks Product, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

67.    Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.  Such conduct has deceived and materially misleads, or has a tendency to deceive and materially mislead the consuming public and has injured, and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 349.

68.    As a result of Defendants' actions alleged herein, Plaintiff has suffered, and will continue to suffer irreparable harm for which it has no adequate remedy at law.

69.    Pursuant to N.Y. Gen. Bus. Law. § 349(h), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (False Advertising Unlawful)
### [N.Y. Gen. Bus. Law § 350]

70.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

71.    Without the authorization of Plaintiff, Defendants have used Plaintiff's Magic Tracks Mark and/or Magic Tracks Work and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to Plaintiff's Magic Tracks Mark and/or Magic Tracks Work in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing

Products, which are identical and/or confusingly or substantially similar to Plaintiff's Magic Tracks Product, causing confusion, mistake and deceiving consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Infringing Products.

72.     Defendants' aforementioned willful and intentional conduct constitutes false advertising in the conduct of any business, trade or commerce and has injured, and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 350.

73.     As a result of Defendants' actions alleged herein, Plaintiff has suffered, and will continue to suffer irreparable harm for which they have no adequate remedy at law.

74.     Pursuant to N.Y. Gen. Bus. Law. § 350(e), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (Unfair Competition)
### [New York Common Law]

75.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

76.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products, Defendants have traded off the extensive goodwill of Plaintiff and its Magic Tracks Product to induce and did induce, and intends and will continue to induce customers to purchase its Infringing Products, thereby directly competing with Plaintiff.  Such conduct has permitted, and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which it has amassed through its nationwide marketing, advertising, sales and consumer recognition.

77.     Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion, cause mistake and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Infringing Products.

78.     Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products would cause confusion, cause mistake or deceive purchasers, users and the public.

79.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff and their competitive position while benefiting Defendants.

80.     As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been, and will continue to be, deprived of substantial sales of its Magic Tracks Product in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law, and Plaintiff has been, and will continue to be deprived of the value of its Magic Tracks Mark and Magic Tracks Work as commercial assets, in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law.

81.     As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their

infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

82.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

83.     By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

84.     Defendants' retention of monies gained through its deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.     For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3), and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.     In the alternative to Defendants' profits and Plaintiff's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c)  in the amount of not more

than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, which Plaintiff may elect prior to the rendering of final judgment;

C.      For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for willful trademark infringement of its federally registered Magic Tracks Mark, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

D.      For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of Plaintiff's Magic Tracks Work under 17 U.S.C. § 501(a);

F.      In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of Plaintiff's Magic Tracks Work pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law § 350(e);

36

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

      i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

      ii.   directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation Plaintiff's Magic Tracks Mark or Magic Tracks Work;

      iii.   using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation Plaintiff's Magic Tracks Mark and Magic Tracks Work to identify any goods or services not authorized by Plaintiff;

      iv.   using any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation Plaintiff's Magic Tracks Mark and Magic Tracks Work, or any other marks or artwork that are confusingly or substantially similar to Plaintiff's

Magic Tracks Mark and Magic Tracks Work on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

v.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants and Defendants' commercial activities by Plaintiff;

vi.  engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Infringing Products;

vii.  engaging in any other actions that constitute unfair competition with Plaintiff;

viii.  engaging in any other act in derogation of Plaintiff's rights;

ix.  secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or

otherwise dealing in the Infringing Products;

x.  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

xi.  instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above; and

L.  For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation Plaintiff's Magic Tracks Mark or Magic Tracks Work, or bear any marks that are confusingly or substantially similar to Plaintiff's Magic Tracks Mark and Magic Tracks Work;

M.  For an order of the Court requiring that Defendants deliver up for destruction to Plaintiff any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation Plaintiff's Magic Tracks Mark or Magic Tracks Work, or bear any marks that are confusingly or substantially similar to Plaintiff's Magic Tracks Mark and Magic Tracks Work pursuant to 15 U.S.C. § 1118;

N.     For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.     For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

P.     For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.     For Plaintiff's reasonable attorneys' fees;

R.     For all costs of suit; and

S.     For such other and further relief as the Court may deem just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff respectfully demands a trial by jury on all claims.

Dated: July 10, 2017                    Respectfully submitted,

                                        EPSTEIN DRANGEL LLP

                                        BY: _____
                                        Jennette Wiser (JW 0386)
                                        jwiser@ipcounselors.com
                                        Ashly E. Sands (AS 7715)
                                        asands@ipcounselors.com
                                        Jason M. Drangel (JD 7204)
                                        jdrangel@ipcounselors.com
                                        Spencer Wolgang (SW 2389)
                                        swolgang@ipcounselors.com
                                        60 East 42nd Street, Suite 2520

New York, NY 10165
Telephone:      (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*Ontel Products Corporation*